18-334-cr
United States v. Whitaker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
             GUIDO CALABRESI,
             DEBRA ANN LIVINGSTON,
                       Circuit Judges.



- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                              18-334

ASHLEY K. WHITAKER,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:　　　　　　　　Lisa A. Peebles, Federal Public Defender, Melissa A. Tuohey, Assistant Federal Public Defender, Syracuse, NY.

FOR APPELLEE:　　　　　　　　　Grant C. Jaquith, United States Attorney, with Lisa M. Fletcher and Rajit S. Dosanjh, Assistant United States Attorneys, Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Ashley K. Whitaker appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, J.) revoking his supervised release and sentencing him to twenty-four months' imprisonment followed by eight years' supervised release. Whitaker's sentence resulted from violations of the terms of his supervised release following a conviction for receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) for which he was originally sentenced to 120 months' imprisonment followed by a ten-year term of supervised release in the Northern District of New York. We assume the parties' familiarity with the underlying facts and procedural history.

Less than one year into Whitaker's supervised release, the Probation Office for the Northern District petitioned the district court to revoke his supervised release, alleging seven violations of the conditions of his supervision. The Probation Office asserted that Whitaker made false statements in a written monthly report, in violation of 18 U.S.C. § 1001, and failed to register his e-mail account with the New York State sex offender registry in violation of state law. The Probation Office also alleged Whitaker secretly possessed internet-capable devices, failed to report an encounter with police, failed to submit a written

2

report, failed to truthfully answer inquiries by his probation officer, and traveled outside of the Northern District of New York without authorization.

At a hearing, Whitaker admitted the charged violations. Based on Whitaker's violations, criminal history, and repeated dishonesty, the court adhered to the undisputed guideline range of eighteen to twenty-four months. Accordingly, the court sentenced Whitaker to twenty-four months' imprisonment to be followed by eight years supervised release.

Whitaker argues that his sentence is substantively unreasonable because the district court incorrectly balanced the severity of his violations against mitigating factors set forth at Whitaker's hearing. We disagree. The district court did not abuse its discretion by sentencing Whitaker to a within-guidelines sentence.

We review a sentence for substantive reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); see United States v. Betts, 886 F.3d 198, 201 (2d Cir. 2018). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (in banc). A sentence is substantively unreasonable "only if it cannot be located within the range of permissible decisions." United States v. Bonilla, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks and citations omitted). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338, 364 (2007).

**1.** The district court was required to "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." See U.S.S.G. ch. 7, pt. A, intro. comment. 3(b). Whitaker argues that the court excessively relied on the underlying violations and criminal history. The record does not support this argument. The district court stressed Whitaker's breach of trust,

identifying "the big problem" as Whitaker's "lying to [his] Probation Officer all of the time." JA 83-84. Whitaker's probation officer testified that Whitaker was "impossible to deal with" because he "lied and lied and tried to cover up even small violations." Id. at 84.

**2.** Whitaker contends that the district court failed to account for "the nature and circumstances of the offense and the circumstances of the defendant," as required by 18 U.S.C. § 3553(a)(1). Specifically, the district court is said to have given insufficient weight to the challenges he faced in the Northern District of New York, far from family or any support network. However, "the requirement to consider § 3553(a) factors is *not* synonymous with any requirement that a particular factor be given determinative or dispositive weight in the identification of the appropriate sentence." United States v. Verkhoglyad, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted) (emphasis in original). We "give due deference" to the district court, and do not consider what weight we ourselves give each factor. Gall, 552 U.S. at 51.

This is not the exceptional case in which the decision "cannot be located within the range of permissible decisions." Whitaker's sentence is fully supported by the record. The district court considered the § 3553(a) factors, bearing in mind Whitaker's health and distance from home, and recommended Whitaker's transfer closer to his family. The court also took account of the severity of Whitaker's violations and his criminal history in sentencing him within a range that is not disputed. Accordingly, we conclude that Whitaker's sentence falls within the broad range of permissible decisions available to the district court.

We have considered Whitaker's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4