*United States v. Lopez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-two.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                *Appellee,*

v.                                                                    No. 21-1450

CARLOS FRANCISCO LOPEZ, AKA
playfulchaos,

                *Defendant-Appellant.*

_____

FOR APPELLANT:                    JAY S. OVSIOVITCH, Federal Public Defender's Office, Western District of New York, Rochester, NY.

FOR APPELLEE:                     TIFFANY LEE, Assistant United States Attorney (Monica J. Richards, Assistant United States Attorney, *on the brief*), *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Carlos Francisco Lopez challenges his sentence of 147 months' imprisonment and fifteen years' supervised release following his guilty plea to attempted enticement and transportation of a minor with intent to engage in criminal sexual activity. On appeal, Lopez argues that his sentence was substantively unreasonable, and that the district court erred in imposing a special condition of supervised release requiring him to provide access to his financial information. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

"We review a sentence for substantive reasonableness under a deferential abuse-of-discretion standard," and will set aside a sentence as substantively unreasonable "only if it cannot be located within the range of permissible decisions." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018) (internal quotation marks omitted). We ordinarily review conditions of supervised release for abuse of discretion, but because Lopez failed to object to the financial-monitoring condition before the district court, we review the condition for plain error. *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019).

Lopez argues that his terms of imprisonment and supervised release are substantively unreasonable because both were greater than the mandatory minimums – ten years and five years, respectively – and are thus longer than necessary to serve the purposes of sentencing. But in addition to considering the mandatory minimum sentences prescribed by Congress, a district court must also consider "the kinds of sentence and the sentencing range established … by the Sentencing Commission" in the Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). Here, the district court's sentence fell well within the applicable Guidelines ranges of 135 to 168 months' imprisonment, and five years to a lifetime of supervised release. Although there is no presumption that a within-Guidelines sentence is

reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Betts*, 886 F.3d at 201 (internal quotation marks omitted). Moreover, the record reflects that the district court considered the relevant 18 U.S.C. § 3553(a) sentencing factors, including Lopez's personal history and characteristics, his prior sex offenses, and the fact that he was on parole supervision when he committed the instant offense. While Lopez may disagree with the district court that terms of imprisonment and supervision above the mandatory minimums were necessary to achieve the goals of sentencing, we defer to the district court's assessment. *See United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Because Lopez's sentence is not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," we affirm. *Id*.

Lopez also challenges one of the special conditions of supervised release imposed by the district court. That condition provides: "In order to monitor defendant's compliance with not buying or subscribing to online services that provide child pornography, he shall provide the U.S. Probation Office with access to any requested personal and/or business financial information." App'x at 91. Lopez argues that, because he was not charged with a child pornography crime,

4

this condition is not reasonably related to the nature of his offense. He also argues that Probation is already authorized to monitor his computer activity, which is sufficient to ensure that he does not access child pornography.

A district court has discretion to "impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, [and that] involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (internal quotation marks and alterations omitted). Relevant factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need to provide adequate deterrence, and the need to "protect the public from further crimes of the defendant." *Id*. (quoting 18 U.S.C. § 3553(a)(1)–(2)). Ordinarily, "[a] district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202.

Although Lopez is correct that there is nothing in the record to suggest that he previously *purchased* child pornography, the fact remains that Lopez has a

5

history of sex offenses involving minors – including the solicitation of nude photos from underage girls. It was therefore not unreasonable for the district court to conclude that Lopez might attempt to procure child pornography through other means. Given that Lopez did not even object to this condition at sentencing and our review is limited to plain error, we cannot say that the district court plainly erred in imposing the financial-monitoring condition in order to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

Moreover, even if it could be argued that the district court's stated reason for imposing the condition was insufficient, we may uphold the condition imposed "if the district court's reasoning is self-evident in the record." *Betts*, 886 F.3d at 202 (internal quotation marks omitted). Here, the record reflects that Lopez repeatedly purchased Greyhound bus tickets to transport his minor victims. In addition to the one-way bus ticket from New York to California that he purchased for the minor victim in this case, he has purchased at least three other one-way bus tickets from Texas to California. Lopez made such purchases intending to engage in criminal sexual conduct with minors; he also proposed recording these sexual encounters, with a view toward creating child pornography. Further, Lopez has a history of evading monitoring while on

supervision. He committed the instant offense while on parole from a state court conviction (for sex offenses involving minors) – using a smart phone that he had failed to report to his parole officer. In light of Lopez's prior convictions involving minors, history of evading supervision, and past purchases of bus tickets to transport minor victims, the district court did not plainly err in concluding that the financial-monitoring condition was reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* (quoting U.S.S.G. § 5D1.3(b)).

Additionally, the condition "involve[s] no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing." *Eaglin*, 913 F.3d at 94 (internal quotation marks omitted). Lopez argues that the financial-monitoring condition is unnecessary because Probation is already authorized to monitor his computer activity. But as described above, Lopez has evaded efforts to monitor his devices in the past and has committed sex crimes while on supervision. There is good reason to believe that computer monitoring alone will be insufficient to "protect the public from further crimes of the defendant." *Id.* (quoting 18 U.S.C. § 3553(a)(2)(C)). Based on the record before

us, therefore, the district court did not plainly err in imposing the financial-monitoring condition.

We have considered Defendant's remaining arguments and find them to be meritless.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court