21-2762-cr
*United States v. Jacob Leonard*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-three.

Present:

>      ROSEMARY S. POOLER,
>      WILLIAM J. NARDINI,
>      SARAH A. L. MERRIAM,
>           *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>           *Appellee*,

>      v.                                                   21-2762-cr

JACOB LEONARD,

>           *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | PAUL D. SILVER (Geoffrey J. L. Brown, *on the brief*), Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY. |
| For Defendant-Appellant: | BENJAMIN SILVERMAN, Law Offices of Benjamin Silverman, New York, NY |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Defendant-Appellant Jacob Leonard appeals from a judgment in a criminal case entered on November 2, 2021, in the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*). On April 2, 2021, Leonard waived his right to indictment and entered a guilty plea as to all three counts of an information charging him with: (1) using a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C. § 2251(a) (Count 1); (2) distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 2); and (3) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 3). On October 28, 2021, the district court sentenced Leonard principally to a 300-month term of imprisonment on Count 1 and to 240-month terms of imprisonment on Counts 2 and 3, all to run concurrently. In addition, the district court imposed a 25-year term of supervised release, including thirteen special conditions, all of which were recommended in the Presentence Report. On November 2, 2021, the district court entered a judgment against Leonard, and Leonard filed a timely notice of appeal seeking to vacate his guilty plea or, in the alternative, seeking to vacate the special condition of supervised release barring him from access to adult pornography. We assume the parties' familiarity with the case.

Leonard first contends that his plea should be vacated because the district court improperly failed to advise him at his change of plea hearing that he had a right to counsel at all stages of the case against him, as opposed to merely at trial and his plea hearing. We disagree that vacatur is

2

warranted. "Rule 11 of the Federal Rules of Criminal Procedure explicitly requires a court, before accepting a plea of guilty, to inform the defendant of a number of specified matters." *United States v. Pattee*, 820 F.3d 496, 502 (2d Cir. 2016). As relevant here, a court must "inform the defendant of, and determine that the defendant understands . . . [his] right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding." Fed. R. Crim. P. 11(b)(1)(D). "[W]e have adopted a standard of strict adherence to Rule 11." *Pattee*, 820 F.3d at 503 (internal quotation marks omitted). However, "since 'strict adherence' is subject to harmless error (and, in the absence of objection, plain error) review, our scrutiny is strict only at the level of assessing compliance, and does not frequently require vacatur of a plea." *Id.*; *see United States v. Adams*, 955 F.3d 238, 245 (2d Cir. 2020) (reviewing alleged Rule 11 violations to which defendant did not object for plain error).

Leonard did not object to the purported Rule 11 violation at his plea hearing. The alleged violation is therefore subject to plain error review, which requires Leonard to demonstrate that: (1) there is an error; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) the error affected his "substantial rights," which ordinarily means that it "affected the outcome of the district court proceedings"; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up). At Leonard's change of plea hearing, the district court advised Leonard that he had "the right to be represented by an attorney at trial" and that if he could not afford an attorney, "one would be provided for [him] by the Court." App'x 53–54. The district court did not, however, tell Leonard that his right to counsel, including court appointed counsel if needed, extended to "every other stage of the proceeding" against him. Fed. R. Crim. P. 11(b)(1)(D). We agree with the parties that this omission constituted error, and that the error was clear. But it did not affect Leonard's

3

substantial rights or "seriously affect[] the fairness, integrity or public reputation" of the proceedings. *Marcus*, 560 U.S. at 262. Leonard asserts that being told that he had a right to counsel at trial and during plea negotiations created, "by negative implication," an impression that his right to counsel did not extend to other stages of the case against him.

Viewed as a whole, however, the record does not support a finding that Leonard could reasonably have been under such an impression. During Leonard's initial appearance, the magistrate judge advised him that he had "the right to be represented by an attorney at all critical stages" of the proceeding against him, and the right to court-appointment of an attorney if necessary. Gov't App'x 5. That is precisely how the case unfolded. The court appointed an experienced attorney from the Federal Public Defender's Office to represent Leonard. That attorney confirmed at Leonard's change of plea hearing that he had advised Leonard of "his rights . . . and the consequences of pleading guilty[.]" App'x 76. Against this record, Leonard has not carried his burden of showing that the error below affected either the outcome or the fairness, integrity, or public reputation of the district court proceedings.

Next, Leonard contends that the district court improperly imposed a special condition of supervised release barring access to otherwise legal adult pornography. We agree. "We review the imposition of conditions of supervised release for abuse of discretion and any related legal rulings de novo." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). Where, as here, a defendant receives prior notice of a special condition of supervised release but fails to object to that condition before the district court, our review is for plain error. *United States v. Dupes*, 513 F.3d 338, 343 & n.2 (2d Cir. 2008). "[A]s a general matter . . . a district court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, involve no greater deprivation of liberty than is reasonably necessary to implement the

4

statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *Eaglin*, 913 F.3d at 94 (cleaned up); *see also* 18 U.S.C. §3583(d)(1) (listing the factors to be considered by the sentencing court in imposing conditions of supervised release). Those statutory factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as "the need for the sentence imposed … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; and … to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error. In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (citation and internal quotation marks omitted). We have previously held that a special condition prohibiting access to legal adult pornography is permissible "only in limited circumstances" and "merit[s] our close examination." *Eaglin*, 913 F.3d at 99, 95. "Such bans must be supported on the record by detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a) and that it is reasonably necessary to accomplish their objectives." *Id.* at 99.

The district court did not state on the record any reason supporting the challenged special condition of supervised release. In imposing the special conditions of supervised release, the district court stated only that the conditions were "necessary and justified" "based upon the nature of the instant offense, as well as the history and characteristics of this defendant as outlined in detail in the presentence report and to promote the rehabilitation of this defendant." App'x 122–

5

But this general explanation was insufficient; it did not provide any specific reasons as to why the challenged special condition of supervised release was imposed.

Nor is the district court's reasoning self-evident in the record. It is true, as the government observes, that the presentence report indicates that Leonard's sexual interests extend to adults. But it is far from "self-evident" from the record that, for example, his interest in adults would lead to his engaging in prohibited activity such as viewing child pornography, or that viewing adult pornography would inhibit his rehabilitation. *Betts*, 886 F.3d at 202; *see Eaglin*, 913 F.3d at 100 ("Imposing a wholesale ban on accessing adult pornography might be justified where the offense of conviction involved the creation of adult pornography with unconsenting victims, or where a mental health professional testified that viewing pornography would be detrimental to the defendant's rehabilitation." (citations omitted)). We express no view on whether there might be good reasons for imposing this condition in this particular case. But such reasons would need to be developed in the record and articulated by the district court.

Accordingly, we vacate the special condition of supervised release prohibiting Leonard's access to such materials and remand to the district court for further consideration of whether such a condition is necessary and, if so, for the requisite "detailed factual findings." *Eaglin*, 913 F.3d at 99.

We have considered Leonard's remaining arguments and find them unpersuasive. Accordingly, the judgment of the district court is **AFFIRMED** in part and **VACATED** with respect to the special condition of supervised release, and the case is **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court

6