22-1024
*U.S. v. King*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> BETH ROBINSON,
>> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                            No. 22-1024

JAMES KING,

> *Defendant-Appellant.*

———————————————————————

FOR APPELLANT:

Lisa A. Peebles, Federal Public Defender, Molly K. Corbett, Assistant Federal Public Defender, Albany, NY.

FOR APPELLEE:

Paul D. Silver, Alexander Wentworth-Ping, Assistant United States Attorneys *for* Carla B. Freedman, United States Attorney, Northern District of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 29, 2022, is **AFFIRMED**.

Defendant-Appellant James King appeals from a judgment entered on April 29, 2022, imposing a 78-month term of imprisonment followed by a four-year term of supervised release with several special conditions of supervision. This sentence stems from King's conviction pursuant to a guilty plea for one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

On appeal, King challenges two of the special conditions: Special Condition 3, which prohibits the consumption of alcohol, requires alcohol testing, and

requires treatment for alcohol, and Special Condition 4, which prohibits the use, possession, or sale of marijuana, or any marijuana derivative (including cannabidiol (CBD) or THC) in any form and for any purpose. He argues that the district court did not adequately explain its decision to impose Special Conditions 3 and 4, and that these conditions are substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A district court may impose special conditions of supervised release that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," "the need to protect the public from further crimes of the defendant," and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5D1.3(b). The conditions should "involve no greater deprivation of liberty than is reasonably necessary" for

these purposes. *Id.*; *see also United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005).

When determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . ., and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. However, even when the district court does not provide such an explanation, the condition at issue can be upheld "if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks omitted).

We ordinarily review the imposition of a special condition of supervised release for abuse of discretion. *United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008). However, because King did not object to the special conditions at sentencing, we review for plain error. *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). Under the plain error standard, King bears the burden of showing: (1) there was an error; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) "the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings"; and (4) the error "seriously affects the fairness, integrity or public reputation of judicial

proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original) (internal quotation marks omitted).

We discern no "clear or obvious" procedural or substantive error in the district court's imposition of Special Condition 3, relating to alcohol use, and Special Condition 4, relating to the use of marijuana and its derivatives, including THC and CBD.

In pronouncing its sentence, the district court considered King's life-long substance abuse issues, continuing until the time he was arrested on the charges that gave rise to the conviction underlying this appeal. The district court explained on the record that the special conditions were "necessary and justified" "based upon the nature of the instant offense as well as [King's] history and characteristics . . . as outlined in detail in the presentence report and to promote [King's] rehabilitation." App'x 131.

The presentence report further amplifies the district court's reasons for imposing Special Conditions 3 and 4. The report documents, as King himself acknowledges, that he "has an extensive history of abusing various controlled substances starting at 11 or 12 years old," and his life "has been predominantly driven by drug use." Appellant's Br. 3. And Special Condition 3 includes the

rationale within the condition itself: "Based upon your history of substance abuse, and for the purpose of effective substance abuse treatment programming, you must refrain from the use of alcohol and be subject to alcohol testing and treatment while under supervision." App'x 139.

In short, the district court adequately communicated the reasons for these special conditions. And given King's history and his conviction for possession with intent to distribute a controlled substance, these conditions do not "clearly" or "obviously" require a "greater deprivation of liberty than is reasonably necessary" to serve the goals of sentencing, even recognizing that the record does not reflect that alcohol use has undermined King's past efforts in treatment for substance use. *Myers*, 426 F.3d at 124.[1]

We recognize that the district court's inclusion in Special Condition 4 of a prohibition against possessing or using "any product containing cannabidiol (CBD)" is not as clear-cut. App'x 139. CBD is not subject to the Controlled Substances Act if it derives from hemp and is found in many consumer products

---

[1] To the extent King argues that the district court erred by prohibiting his use of marijuana because marijuana use is already prohibited by mandatory conditions prohibiting King from committing another crime or unlawfully using a controlled substance, we conclude that the condition is not plain error. Marijuana use is not unlawful in some states, including New York State, where King intends to return, and the more specific condition avoids any ambiguity.

such as oils and lotions. *See* 21 U.S.C. § 802(16) (defining "marijuana"); *see also*

*CBD: What You Need to Know*, Ctrs. for Disease Control & Prevention,

https://www.cdc.gov/marijuana/featured-topics/CBD.html

[https://perma.cc/28SP-UNG4]. But on plain error review and this record, we

cannot say that the district court's condition prohibiting the use of CBD amounts

to "clear or obvious" error. *Marcus*, 560 U.S. at 262. And if "new and unforeseen

circumstances" make King's use of CBD appropriate or even useful, King can

always apply to the district court to modify Special Condition 4 to remove the ban

on CBD under 18 U.S.C. § 3583(e)(2). *See, e.g.*, *United States v. Balon*, 384 F.3d 38,

47 (2d Cir. 2004) ("Section 3583(e) allows modification of supervised release 'to

account for new and unforeseen circumstances'") (quoting *United States v. Lussier*,

104 F.3d 32, 36 (2d Cir. 1997)).

For these reasons, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7