17-231-cr
*United States v. Betts*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand eighteen.

PRESENT:   PIERRE N. LEVAL,
           GUIDO CALABRESI,
           JOSÉ A. CABRANES,

                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                                        17-231-cr

                    v.

JEFFREY D. BETTS,

                    *Defendant-Appellant.*

---

FOR APPELLEE:                          ELIZABETH R. MOELLERING *for* James P. Kennedy, Jr., Interim United States Attorney for the Western District of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:               JAYME L. FELDMAN *for* Marianne Mariano, Federal Public Defender for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Senior Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 9, 2017 judgment of the District Court be and hereby is **AFFIRMED** in part and **VACATED** in part.

Defendant Jeffrey Betts ("defendant" or "Betts") appeals from a December 7, 2016 judgment in which he was sentenced to a term of ten months' imprisonment and four years of supervised release. This sentence resulted from defendant's multiple violations while on supervised release for a previous conviction for conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. He was originally sentenced to 24 months in prison, followed by five years' supervised release. He was released from prison and began his initial term of supervised release on August 2, 2013. The violations for which defendant was most recently sentenced included two arrests for driving without a license and failure to make required restitution payments in the amount of ten percent of his gross monthly income. On November 28, 2016, after being remanded to the custody of the United States Marshals Service, defendant appeared before the District Court and admitted to violation number 3 (failure to notify his probation officer within 72 hours of being arrested), based on his July 29, 2016 arrest for driving without a license. Betts pleaded guilty to this violation pursuant to a plea agreement, which anticipated a Guidelines range of imprisonment of 4 to 10 months. The Agreement also provided that Betts would be subject to a maximum term of supervised release of five years, less any term of imprisonment imposed on his supervised release revocation.

In addition to sentencing Betts to ten months' imprisonment and four years of supervised release, the District Court imposed special conditions of supervised release. The District Court ordered that the defendant refrain from consuming any alcohol whatsoever while under supervision. It also required substance abuse testing, stating that "[t]here will be zero tolerance of the use of *any drugs* at all." J.A. at 154 (emphasis added). Betts now argues that this newly imposed sentence of four years of supervised release is substantively unreasonable. He also argues that the District Court erred in imposing the special conditions relating to alcohol and drugs. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.**

We review a sentence for substantive reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 41 (2007); *see also United States v. Broxmeyer,* 699 F.3d 265, 278 (2d Cir. 2012) ("our standard is 'reasonableness,' 'a particularly deferential form of abuse-of-discretion review.'"). A sentence is substantively unreasonable "only if it cannot be located within the range of permissible decisions." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks and citations omitted). As we have observed before, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would

2

be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (abrogated on other grounds by *Rita v. United States*, 551 U.S. 338, 364 (2007)).

Betts argues that his sentence of four years of supervised release was substantively unreasonable for three reasons. He first contends that his violation was not sufficiently egregious to warrant an additional four-year term of supervised release. This argument lacks merit. The District Court carefully reviewed the factual basis for defendant's violation, as well as his history and characteristics, before concluding that a four-year term of supervised release was warranted. The District Court considered, among other factors, defendant's repeated failure to make restitution payments despite his earning an income, and the fact that the defendant absconded from supervision for two months after being arrested. The District Court repeatedly noted a concern that this behavior indicated a disregard on the part of the defendant of the consequences of violating the law.

Defendant next argues that the District Court abused its discretion in sentencing him to a term at the upper end of the Guidelines range. We also reject this argument. As previously noted, a sentence within the Guidelines is presumptively reasonable. Both the imposed term of imprisonment and the term of supervised release were within the permissible Guidelines range, and a sentence on the upper end of the Guidelines falls comfortably within the broad range of sentences that would be reasonable in the particular circumstances given defendant's behavior while on supervised release.

Last, we reject defendant's contention that the District Court erred in discrediting some of defense counsel's mitigation arguments. The District Court was not persuaded by some of defense counsel's claims that defendant was taking serious steps to behave better because the Court found these statements to be contradicted by defendant's actions. The District Court's decision to weigh the evidence as it did was not an abuse of discretion.

Upon review of the record, we find that all of defendant's challenges to the substantive reasonableness of the imposition of a four-year term of supervised release are without merit.

## II.

We now turn to defendant's claim that the District Court's imposition of extra special conditions of supervised release constituted procedural error. We first address the District Court's total prohibition of alcohol use and then its requirement that defendant submit to substance abuse testing with zero tolerance for the use of any drugs.

District courts possess broad discretion in imposing conditions of supervised release. A sentencing court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed to afford adequate deterrence to criminal conduct;" "the need to protect the public

3

from further crimes of the defendant;" and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005). A district court's discretion to impose special conditions is not "untrammeled," however, and we will "carefully scrutinize unusual and severe conditions." *Myers*, 426 F.3d at 124 (internal quotation marks omitted).

A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release and to state on the record the reason for imposing it; the failure to do so is plain error. In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is "self-evident in the record." *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004). But it is also clear that the conditions must be "reasonably related" to the sentencing objectives. *See* 18 U.S.C. § 3583(d). *See also United States v. Reeves*, 591 F.3d 77 (2d Cir. 2010) (vacating an imposed special condition that required a defendant convicted of possession of child pornography to notify the Probation Department when he established a "significant romantic relationship" and to inform his partner of his criminal history because it was not reasonably related to sentencing objectives).

Defendant principally argues that a special condition prohibiting all alcohol use is not reasonably related to either his underlying crime or his admitted violation, and that the ban involves a greater deprivation of liberty than reasonably necessary to achieve sentencing goals. After examining the record, we agree. Neither defendant's underlying crime nor any of the conduct contributing to his violations of supervised release involved the use of alcohol. The District Court was not presented with any evidence suggesting that the defendant ever seriously abused alcohol. The District Court also gave no reason for imposing this special condition, beyond a clearly stated displeasure with the defendant's performance while on supervised release. Given the factual record below, the standard condition limiting "excessive use" of alcohol, which was also included in defendant's judgment, is sufficient to further the objectives of sentencing. We thus find that the special condition banning all alcohol use is not reasonably related to any of the factors outlined in Section 5D1.3(b), and necessitates vacatur.

Defendant next urges us to vacate the District Court's special condition requiring substance abuse testing with "zero tolerance of the use of any drugs at all." He claims the condition constituted a complete ban on *all* drugs, including those prescribed by a physician, and was thus error. Though inartfully worded, this special condition does not prevent the defendant from using lawful drugs. Defendant's judgment also included the standard condition that he "shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." J.A. at 160**.** When read in conjunction with this standard condition of supervision, it is clear that the imposed "zero tolerance" policy is meant to apply

only to the use of controlled substances.  So read, the condition is appropriate and we will not vacate it.

## CONCLUSION

We have considered all of defendant's remaining arguments and find them to be without merit. We therefore AFFIRM the District Court's imposition of a four-year term of supervised release, as well as the District Court's imposition of a special condition requiring periodic testing for use of controlled substances without a prescription. We VACATE the special condition prohibiting all use of alcohol and REMAND the case to the District Court for further consideration of whether it is necessary to impose any special conditions related to alcohol use and, if so, for the court to explain the basis for imposing them in light of the factors listed in Section 5D1.3(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk