18-345-cr
*United States v. Donna M. Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand nineteen.

Present:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          18-345-cr

DONNA M. SMITH,

> *Defendant-Appellant.*

_____

For Appellee:                          CARINA H. SCHOENBERGER, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

For Defendant-Appellant:               PAUL J. ANGIOLETTI, Staten Island, NY.

1

Appeal from a January 31, 2018 judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Donna M. Smith ("Smith") appeals two special conditions of her supervised release imposed by the United States District Court for the Northern District of New York (Kahn, *J.*). On October 19, 2017, Smith pled guilty to two counts of Social Security fraud in violation of 42 U.S.C. § 408(a)(3). On January 31, 2018, the district court sentenced Smith to two concurrent 14-month terms of imprisonment and two concurrent three-year terms of supervised release. The district court imposed five special conditions on Smith's supervised release. On appeal, Smith challenges only two of those five conditions: one that requires her to undergo periodic drug testing and treatment, and another that prohibits her from consuming alcohol.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## Discussion

Where, as here, a defendant with notice does not object to the conditions of her supervised release before the district court, this Court reviews those conditions for plain error. *United States*

---

[1] We acknowledge, preliminarily, three potential procedural barriers to Smith's appeal. The government, however, agreed with Smith that none of these potential barriers actually barred her appeal. We agree with the parties. First, although Smith's *pro se* letter to the district court did not meet all the requirements of Federal Rule of Appellate Procedure 3(c), we apply those requirements liberally in the context of a *pro se* appellant, and her letter served as "the functional equivalent of a notice of appeal." *United States v. Outen*, 286 F.3d 622, 633 (2d Cir. 2002) (internal quotation marks and citation omitted). Second, although Smith was released from custody in June, her appeal is not moot because she remains subject to the special conditions of her supervised release—the sole focus of this challenge. Third, while Smith's plea agreement waived her right to appeal "[a]ny sentence to a term of supervised release within the maximum permitted by law," App. 25, it did not waive her right to appeal the *conditions* of that supervised release. *See United States v. Burden*, 860 F.3d 45, 54 (2d Cir. 2017).

*v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). A sentencing court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; "the need to protect the public from further crimes of the defendant"; and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). Without such an explanation, this Court may uphold the condition "only if the district court's reasoning is 'self-evident in the record.'" *Id.* (quoting *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004)).

Smith first challenges the special condition that requires her to "refrain from the use of alcohol and be subject to alcohol testing and treatment while under supervision." App. 14. We conclude that the district court's imposition of this special condition requires remand in light of our intervening decision in *Betts*.

The district court did not "make an individualized assessment when determining whether to impose" this condition, as that case now requires. *Betts*, 886 F.3d at 202. Instead, the district court made only the generalized statement, with regard to all five special conditions, that it found the conditions "necessary and justified in this case based on your offense and your history, your characteristics." App. 100. The district court also commented that Smith "should stay away from" drugs and alcohol because "[t]hat doesn't help your health." App. 100. But both of those statements could apply to any defendant.

3

Nor was the district court's reasoning for imposing this special condition "self-evident in the record." *Betts*, 886 F.3d at 202 (quoting *Balon*, 384 F.3d at 41 n.1). The Social Security fraud charges to which Smith pled guilty had no apparent connection to alcohol abuse, and the mere fact of a history of bipolar disorder does not clearly necessitate a wholesale alcohol ban. Nor does the existence of a single charge of disorderly intoxication over ten years ago—to which Smith did not plead guilty—make the reason for imposing the condition "self-evident in the record."

Under these circumstances, we conclude that the district court's comments fall short of the "individualized assessment" now required to support the court's imposition of a total prohibition on alcohol consumption and that the special condition prohibiting alcohol use must be vacated. On remand, the district court should "make an individualized assessment," *Betts*, 886 F.3d at 202, as to whether the condition is "reasonably related to the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)" and "involves no greater deprivation than is reasonably necessary," 18 U.S.C. § 3583(d). We express no view as to whether such a condition is appropriate in this case, but merely underscore that if, after such an individualized assessment, the district court chooses to reimpose the condition, it should "state on the record the reason for imposing it." *Betts*, 886 F.3d at 202.

Smith also challenges another special condition that requires her to "participate in a program for substance abuse which will include testing for use of controlled substances, controlled substance analogues, and alcohol." App. 14. Because we are remanding the case for the reasons discussed above, we need not consider whether this condition requiring substance abuse treatment could be affirmed as self-evident in the record. Without reaching a decision on the issue or vacating its order, we nonetheless encourage the district court, on remand, to consider the condition in light of *Betts* and, if it chooses to preserve the condition, to state its reasons on the record.

4

\*     \*     \*

For the above-stated reasons, we **VACATE** the district court's imposition of the special condition prohibiting alcohol use and **REMAND** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5