United States v. Wright

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of September, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DENNY CHIN,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

          v.                                                          19-3135

SHAIQUAN WRIGHT,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Molly K. Corbett, Assistant Federal Public Defender, *for* Lisa Peebles, Federal Public Defender, Albany, N.Y.

Appearing for Appellee:     Carina H. Schoenberger, Assistant United States Attorney (Richard D. Belliss, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED**.

Shaiquan Wright appeals from the September 23, 2019 judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) revoking his supervised release and sentencing him to eleven months' imprisonment and twenty-three months' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Wright argues that the district court committed procedural error in failing to explain its reasons for imposing a twenty-three-month term of supervised release and the special conditions as required by 18 U.S.C. § 3583 and 18 U.S.C. § 3553(c). As Wright did not object at the time of sentencing, review is for plain error. *See, e.g., United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012). "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration [required by 18 U.S.C. § 3583(e)] has occurred." *Id.* (internal quotation marks and citation omitted). "Where, as here, the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal." *Id.* Here, the district court—familiar with Wright's record because it conducted his sentencing and previous revocation proceeding—stated that it agreed with the government that Wright would benefit from supervision. The record is minimal, but sufficient.

Wright next challenges the special conditions related to alcohol testing and use, which he argues are not supported by the record. "District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) "A sentencing court may impose special conditions that are reasonably related to 'the nature and circumstances of the offense and the history and characteristics of the defendant;' 'the need for the sentence imposed to afford adequate deterrence to criminal conduct;' 'the need to protect the public from further crimes of the defendant'; and 'the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,' and which 'involve no greater deprivation of liberty than is reasonably necessary' for these purposes." *Id.* (quoting 5 U.S.S.G. § 5D1.3(b))). Like all special conditions, one prohibiting alcohol use requires the court to "make an individualized assessment" and "state on the record the reason for imposing it; the failure to do so is error." *Id.* at 202.

As for the first special condition challenged on appeal, which references alcohol only in connection to the drug-treatment program, there was adequate ground in the record to support such a condition. Wright twice tested positive for drug use during his first term of supervised release, and the condition does not prohibit alcohol consumption: it simply notes that a ban on alcohol may be a condition of whatever treatment program is deemed necessary. We affirm that condition. However, as the government concedes, the special condition regarding the prohibition against all alcohol use is not supported by the record. We remand for the district court to decide whether such a condition is appropriate.

We have considered the remainder of Wright's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part and VACATED in part and the case REMANDED for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk