21-3034-cr
United States v. Overstreet

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-three.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
*Circuit Judges.*

---------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                              No. 21-3034-cr

SEAN OVERSTREET,

*Defendant-Appellant.*

---------------------------------------------------------------

FOR DEFENDANT-APPELLANT:        ROBIN CHRISTINE SMITH (Leean
                                Othman, *on the brief*), Law

Office of Robin C. Smith, Esq., P.C., San Rafael, CA

FOR APPELLEE: BURTON T. RYAN, JR., Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Sean Overstreet appeals from a judgment of conviction entered on November 19, 2021 in the United States District Court for the Eastern District of New York (Hurley, J.), after a guilty plea.[1] The District Court sentenced Overstreet principally to two terms of 180 months' imprisonment and one term of 120 months' imprisonment, to run concurrently. As relevant here, the District Court also imposed special conditions of supervised release requiring Overstreet to disclose all of his financial records to the Probation Department, obtain the

---

[1] Overstreet pleaded guilty to conspiracy to possess heroin with intent to distribute, transportation of stolen motor vehicles, and money laundering conspiracy.

Probation Department's permission before opening any new financial accounts, and disclose his monthly income. Although the Probation Department did not include those special conditions in its Pre-Sentence Investigation Report ("PSR"), it later recommended that the District Court impose them in its Revised Sentence Recommendation. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, Overstreet challenges the special conditions of supervised release on two grounds. First, he argues that the District Court failed to notify the parties that it was considering imposing the special conditions in advance of the sentencing hearing and failed to perform an individualized assessment and state on the record its reasons for imposing the conditions. Second, he argues that the District Court improperly imposed the special conditions without orally pronouncing them at sentencing.

We review a district court's decision to impose special conditions of supervised release for abuse of discretion. See United States v. Kunz, 68 F.4th 748, 758 (2d Cir. 2023). Here, Overstreet waived any objections to the special conditions at his sentencing hearing. During the hearing, the District Court

3

asked Overstreet, "Have you reviewed with your attorney the materials generated by the probation department which includes the presentence report, the addendum to the report, and also a recommendation from probation as to what the appropriate sentence would be[?]" Overstreet responded that he had reviewed the materials with counsel. The District Court then asked Overstreet's attorney whether he had "any problem with the special conditions that [were] recommended by probation." The attorney answered, "No objection." The District Court also explicitly noted that the Probation Department's recommended special conditions had been made available to both parties and proposed incorporating the text of the special conditions by reference into the judgment, rather than reading them into the record. Overstreet's attorney specifically agreed that such an approach would be "satisfactory." Overstreet has thus waived his challenge to these special conditions of supervised release on appeal, and we affirm the District Court's imposition of the challenged conditions.

We have considered Overstreet's remaining arguments[2] and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] To the extent that Overstreet also challenges the reasonableness of the special conditions, we conclude that the District Court did not abuse its broad discretion in imposing them.  See Kunz, 68 F.4th at 758.  It is apparent from the PSR that Overstreet "funneled approximately $500,000" through a "money laundering organization," which "converted . . . cash into checks for [Overstreet] to deposit."  The special conditions were thus "reasonably related" to the "'nature and circumstances'" of Overstreet's offenses, which involved unlawful financial transactions.  United States v. Betts, 886 F.3d 198, 202 (2d Cir. 2018) (quoting U.S.S.G. § 5D1.3(b)).