22-2843-cr
*United States v. Hall*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-three.

**PRESENT:**
> **AMALYA L. KEARSE,**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**United States of America**

> *Appellee,*

> v.                                                                                     **No. 22-2843-cr**

**Odell Kirk Hall**

> *Defendant-Appellant*

_____

**FOR DEFENDANT-APPELLANT:**

> Scott E. Leemon & Jonathan Savella, Law Offices of Scott E. Leemon PC, New York, NY.

**FOR APPELLEE:**

> Susan Corkery & Charles P. Kelly, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and the appeal is **DISMISSED** in part as moot.

Defendant-Appellant Odell Kirk Hall appeals from an October 19, 2022 judgment of the United States District Court for the Eastern District of New York (Brown, *J.*) convicting him of violating the terms of his supervised release and sentencing him to 12 months' imprisonment followed by 24 months of supervised release including a six-month period of home detention. On appeal, Hall raises two procedural challenges to his sentence. First, he argues that the district court

2

improperly relied on unproven allegations in determining the appropriate term of imprisonment. And second, he argues that the district court failed to explain on the record why it was imposing, as a special condition of supervised release, six months of home detention with location monitoring.

We assume the parties' familiarity with the remaining underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to dismiss Hall's challenge to his term of imprisonment as moot and affirm the district court's imposition of the special condition.

After the parties submitted their initial briefs in this appeal, Hall completed his term of incarceration. In light of supplemental briefing from the parties, we conclude that Hall's challenge to his term of imprisonment is now moot as a result of his release from prison. Release from prison does not always moot a sentencing challenge to a term of imprisonment if the appellant is subject to supervised release, as is Hall. *See United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021). However, for such a challenge to remain a live controversy, "there must be more than a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand the matter." *Id.* at 225 (internal quotation marks omitted). Here, we do not see a

3

basis in the record from which to conclude that, if Hall were to prevail on his appeal regarding his term of imprisonment, the district court would reduce his term of supervised release upon remand. Nor does Hall point to one. That outcome may be possible, but the possibility remains speculative and remote.

Hall's challenge to his condition of supervised release, however, remains a live controversy. The district court imposed a special condition requiring home detention with location monitoring for six months—to which Hall declined to object at sentencing. App'x 93. Hall now argues that the district court failed to explain on the record why this condition was appropriate, and so the court committed plain procedural error.

It is true that sentencing courts are obligated to conduct an individualized analysis when imposing special conditions and to state on the record the reasons for imposing them. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). But when such an explanation is lacking, we may still uphold a condition when "the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks omitted); *see United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004) (explaining that any error is harmless when the reason for conditions "is self-evident in the record . . . and the conditions meet the purposes of supervised

4

release"). That is the case here. Hall violated his conditions of supervised release by making false statements to the probation officer about his travel and whereabouts after repeatedly traveling outside his district of supervision without prior approval. The district court clearly regarded Hall's repeated violations as a serious breach of trust. *See United States v. Ramos*, 979 F.3d 994, 1002 (2d Cir. 2020) (noting that a sentence for violation of supervised release should "primarily sanction the defendant's breach of trust" (internal quotation marks omitted)). Given Hall's recurrent violations based on traveling without permission and lying about his location, the rationale for imposing a condition of home detention and location monitoring is self-evident from the record.

\* \* \*

Accordingly, we (1) **DISMISS** Hall's appeal as moot insofar as he challenges the imposition of his 12-month term of imprisonment and (2) **AFFIRM** the district court's imposition of the home-detention and location-monitoring special condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court