23-6967-cr
*United States v. Pepio*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-four.

Present:
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*,
> MARGARET M. GARNETT,
> *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                                           23-6967-cr

---

[*] Judge Margaret M. Garnett, of the United States District Court for the Southern District of New York, sitting by designation.

CHRISTIAN PEPIO,

*Defendant-Appellant.*

_____

For Defendant-Appellant:        COLLEEN P. CASSIDY, Federal
                                Defenders of New York, Inc., Appeals
                                Bureau, New York, NY.

For Appellee:                   TARA B. MCGRATH (David C. James,
                                *on the brief*), Assistant United States
                                Attorneys, *for* Breon Peace, United
                                States Attorney for the Eastern
                                District of New York, Brooklyn, NY.

Appeal from an August 14, 2023 judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Christian Pepio appeals from a judgment of conviction following his guilty plea to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1). Pepio was sentenced to 70 months' imprisonment, to be followed by five years of supervised release. At sentencing, the district court imposed mandatory and

standard conditions of supervised release, as well as several special conditions.

On appeal, Pepio challenges two of the special conditions: (1) Condition 8, which authorizes the United States Probation Office ("Probation") to conduct continuous electronic monitoring of his devices by capturing and analyzing all data processed by or contained on the devices, and allows Probation to access the geolocation data and physical devices upon reasonable suspicion that Pepio has violated the conditions of supervision; and (2) Condition 9, which requires Pepio to provide Probation with the login credentials for all of his electronic communications service accounts, which are only to be accessed and searched upon reasonable suspicion that he has violated a condition of his supervision and that the account to be searched contains evidence of the violation.

Pepio argues that the district court erred by imposing these electronic monitoring conditions because they are overbroad, not justified by the circumstances of his case, and not reasonably necessary to achieve the goals of supervised release. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A district court may impose special conditions of supervised release if they are "reasonably related" to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with correctional treatment in the most effective manner. *United States v. Carlineo*, 998 F.3d 533, 536 (2d Cir. 2021) (citing U.S. Sent'g Guidelines Manual § 5D1.3(b)). In doing so, district courts must "carefully balance the goals of supervised release while remaining mindful of the life-altering effects their judgments have on defendants, their families, and their communities." *United States v. Sims*, 92 F.4th 115, 120 (2d Cir. 2024).

When determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. Where a district court does not provide such an explanation, the condition at issue may be upheld "only if the district court's reasoning 'is self-evident in the record.'"

*Id.* at 202 (quoting *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004)).

The district court found that Condition 8 was "sufficiently tailored and sufficiently protective of the defendant's rights," and that Condition 9 was both "necessary in order to allow for the exercise of the monitoring" contemplated by Condition 8 and sufficiently limited by a "gating mechanism" which allowed for "access [to the accounts] . . . only upon reasonable suspicion." App'x at 158, 160–61. The district court rejected Pepio's two proposed alternatives. First, based on Probation's representations regarding the capabilities of its software, the court concluded that a system in which the software would surveil and flag suspicious usage for Probation would be "unworkable." *Id.* at 156–57. Second, the court assessed that the use of a third-party monitor would be "a distinction without a difference." *Id.* Accordingly, the district court concluded that the monitoring conditions were appropriate, given the nature of the offense conduct, the nature of the victims, and the use of a computer in committing the offense. *Id.* at 159, 164.

On appeal, Pepio argues that the district court erred by imposing, without sufficient individualized explanation, two "expansive monitoring conditions [that] infringe on [his] fundamental privacy and liberty interests," in violation of

our Court's precedents. Appellant's Br. at 24. The district court's stated reasons for imposing these conditions were, in his view, so "generic" and conclusory that they would apply to any child pornography case and cannot meet the required standards. *Id.* at 29.

While we agree that the district court's explanation for imposing the contested special conditions was not detailed, the record contains sufficient evidence to justify its decision. *See Betts*, 886 F.3d at 202 (explaining that a condition may be upheld in the absence of an individualized explanation if the district court's reasoning is "self-evident" in the record). Pepio possessed over 600 images and three videos of child pornography; distributed child pornography over social media; used chat applications to solicit child pornography from minors; and took steps to evade detection, including using software to conceal his identity when viewing child pornography. Moreover, Pepio violated the conditions of his pre-trial release by maintaining an unmonitored iPhone, wiping its contents, and attempting to sell it. That conduct was discovered through Probation's monitoring of Pepio's electronic communications.

These facts distinguish Pepio's case from those relied upon in his briefs. In *United States v. Salazar*, for example, we vacated an electronic monitoring condition

that was significantly broader than those here and allowed Probation to monitor the defendant's data and devices "at any time with or without suspicion" that he had violated the conditions of his release. No. 22-1385-cr, 2023 WL 4363247, at *1 (2d Cir. July 6, 2023) (summary order). Notably, the district court in *Salazar* provided no individualized explanation of the need for the search condition. On appeal, we found that the court's reasoning was not self-evident, given that there was no evidence Salazar had ever concealed his use of pornography. *Id.* at *2–3.

On the other hand, in *United States v. Browder*, a case more analogous to this one, we emphasized that where an individual has been convicted of possessing hundreds of digital images of child pornography and is known to use computer software to erase or conceal illicit images, a computer monitoring condition may be reasonably necessary for the purposes of sentencing. *See* 866 F.3d 504, 512 (2d Cir. 2017).

Under the terms of the special conditions here, Probation can access Pepio's geolocation data, electronic devices, and electronic communication accounts only upon reasonable suspicion that Pepio violated the terms of his supervised release. These conditions are not only narrowly tailored and reasonably related to Pepio's individual characteristics, but advance the goal of preventing further violations or

7

offenses, given his history of evasive behavior.   The district court therefore did not abuse its discretion in imposing the challenged monitoring conditions.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court