24-1088
*United States v. Salazar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                              24-1088

MIGUEL R. SALAZAR,

> *Defendant-Appellant.*\*

---

FOR APPELLEE:                          EMILY J. DEAN (*with* Susan Corkery *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLANT: WILLIAM MOSS, Rule 46.1(e) Law School Graduate (*with* Sarah Baumgartel, Of Counsel, *on the brief*), Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and the case is **REMANDED**.

Defendant-Appellant Miguel Salazar was convicted of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). He was sentenced to 30 months of imprisonment and a five-year term of supervised release. On July 6, 2023, we vacated a supervised-release condition that limited Salazar to a single electronic device and permitted access to and monitoring of data on Salazar's electronic device at any time. *See United States v. Salazar*, No. 22-1385-CR, 2023 WL 4363247 (2d Cir. July 6, 2023). On remand, the district court revised the monitoring condition to require that the government have reasonable suspicion before searching Salazar's devices and allow him multiple devices so long as they are subject to electronic monitoring. The condition also requires Salazar to identify any computer systems or internet-capable devices that he has access to, and that he allow examination of the devices and installation of monitoring software and hardware at his expense. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "review challenges to conditions of supervised release for abuse of discretion." *United States v. Lewis*, 125 F.4th 69, 74 (2d Cir. 2025) (per curiam).

Salazar argues that the district court's reasons for imposing the monitoring condition,

2

which applies to both personal devices and devices that Salazar would access in a workplace, were neither sufficiently explained nor otherwise self-evident in the record. "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error. In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks and citation omitted). Additionally, a district court may only impose special conditions that are reasonably related to the sentencing factors and "which 'involve no greater deprivation of liberty than is reasonably necessary' for these purposes." *Id.* (quoting U.S.S.G. § 5D1.3(b)).

Salazar contends that the district court failed to conduct an "individualized assessment" because it relied "on broad statements . . . untethered to any specific consideration to the facts and circumstances in this particular case." *United States v. Oliveras*, 96 F.4th 298, 314 (2d Cir. 2024). We agree. The district court stated that "there is a very real chance that [Salazar] could engage in this conduct," but did not discuss Salazar's individual characteristics or his criminal conduct in reaching that conclusion. Joint App'x at 200. The court stated only that the monitoring condition was needed because the court had "had a number of defendants who have used their work computers to engage in the viewing and possession of child pornography," and that without the condition, "40 hours of any given week . . . would be beyond the reach of the Court in terms of monitoring." Joint App'x at 199-201. This reasoning, however, is both circular and unspecific to Salazar.

Further, it is not self-evident in the record that the condition is reasonably related to the

3

sentencing factors and involves no greater deprivation of liberty than is reasonably necessary. Salazar is a first-time offender who was 22 years old at the time of his arrest, and there was no evidence that Salazar viewed child pornography outside of his home or concealed his use of such materials, let alone accessed child pornography at work or on a workplace device. *See United States v. Jenkins*, 854 F.3d 181, 195 (2d Cir. 2017) (vacating employer notification condition where "the relationship between [that condition] and [the] offense," which was possession of child pornography, and defendant's circumstances, which included that he was a first-time offender, was "not readily apparent"). And there are a variety of less restrictive means available to accomplish the district court's goal of protecting the public. *See, e.g.*, *id.* at 186 (computer monitoring condition carved out use of computers at defendant's place of employment); *United States v. Ruff*, 795 F. App'x 6, 9 (2d Cir. 2019) (noting that if defendant's employment entailed "access to a computer that could be used to access child pornography," the probation officer could then recommend that the district court "*add any additional* conditions that are reasonably tailored to protect the employer and the public" (emphasis added)). Meanwhile, the condition seriously hampers Salazar's ability to find gainful employment, as evidenced by the district court's denial of Salazar's request to modify the condition to accommodate a potential job at a food pantry.[1]

Accordingly, we vacate the monitoring special condition and remand for the district court to consider whether to re-impose the condition and, if so, whether to modify it. If the district court reimposes the condition (as is or modified), it shall explain its basis for doing so, including addressing whether the condition is reasonably related to the sentencing factors, such as the nature

---

[1] The parties dispute whether the monitoring condition is an occupational restriction. *See* 18 U.S.C. § 3563(b)(5); U.S.S.G. § 5F1.5. In light of the above, however, we need not reach this issue.

and circumstances of the offense and the history and characteristics of the defendant, and involves no greater deprivation of liberty than is necessary.

For the foregoing reasons, the judgment of the district court is **VACATED IN PART** and the case is **REMANDED** for the district court to reconsider the electronic monitoring special condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5