24-2193-cr
United States v. Keleher

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-five.

PRESENT:  RAYMOND J. LOHIER, JR.,
                        SUSAN L. CARNEY,
                        MYRNA PÉREZ,
                                *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

      *Appellee*,

    v.                                                                    No. 24-2193-cr

SKYLER KELEHER,

      *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: MELISSA A. TUOHEY, Assistant Federal Public Defender, Syracuse, NY

FOR APPELLEE: JOSHUA ROTHENBERG, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, *on the brief*), *for* Daniel Hanlon, Acting United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Skyler Keleher appeals from an August 19, 2024 judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*) imposing a sentence of thirty years' imprisonment and a lifetime term of supervised release following his guilty plea to two counts of sexually exploiting a child in violation of 18 U.S.C. § 2251(a). Keleher challenges the imposition of certain special conditions of supervised release that restrict his internet use. We assume the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the imposition of conditions of supervised release for abuse of discretion. *See United States v. Birkedahl*, 973 F.3d 49, 53 (2d Cir. 2020). "When a challenge to a condition of supervised release presents an issue of law, we review *de novo*, bearing in mind that any error of law necessarily constitutes an abuse of discretion." *Id.* (cleaned up).

The District Court imposed several mandatory, standard, and special conditions of supervised release, including the following two special conditions at issue in this appeal:

> You must not use or possess any computer, cell phone, data storage device, cloud storage, or any other internet-capable device (computer equipment) unless you participate in the Internet and Computer Management Program (ICMP). When placed in the ICMP, you must comply with all the rules of the program and pay any costs associated with the program. . . . Your internet use may be limited and/or restricted in accordance with the ICMP based upon an evaluation of your risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a). . . .

> Your internet use must be limited and/or restricted under conditions to be set by the U.S. Probation Office in accordance with their Internet and Computer Management Program. Such internet restriction may include a limitation of your daily internet use and/or the ban of certain websites, applications, chat rooms, or other internet activities as determined by the U.S. Probation Office. These determinations will

be based upon an evaluation of your risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a).

App'x 120 (Special Conditions 6 & 7).

On appeal, Keleher contends that these restrictions on internet use were not adequately supported by the District Court's findings. To the contrary, the District Court conducted an "individualized assessment," *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018), and found that these restrictions were appropriate because Keleher "used an internet-capable device . . . and the internet to converse with other individuals and livestream the sexual abuse" constituting his offense conduct, and because "he utilized the internet and the Facebook Messenger, Facebook Live applications to commit the instant offense," App'x 100–01. These findings are themselves supported by the record. *See* PSR ¶¶ 9, 12. And given the "wide latitude" afforded district courts in imposing conditions of supervised release, we conclude that the challenged conditions are thus "reasonably related to" the relevant sentencing factors. *United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025) (quotation marks omitted).

Keleher next argues that the internet restriction conditions constitute an impermissible delegation to the Probation Office. We are not persuaded. "[A] district court may delegate to a probation officer decisionmaking authority over

4

certain minor details of supervised release," but may not convey "decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). Keleher suggests that the challenged special conditions grant Probation "unlimited and unchecked" discretion to limit or even completely strip his access to the internet. Appellant's Br. 39.

We have recognized that an "untailored Internet ban" imposed as a condition of supervised release may be unduly burdensome given the importance of the internet in one's ability to "engage with modern society." *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019). But we reject Keleher's assertion that "the [D]istrict [C]ourt gave probation a blank check to modify the terms of Keleher's authorized computer and internet use in the future," Appellant's Br. 47, or otherwise determine "new offense conduct" through the exercise of "unfettered discretion," Appellant's Br. 43. Instead, "we construe the language at issue as permitting Probation to make future unilateral changes to the terms of" Keleher's internet use "*only* to the extent that those changes are the sort of minor details of supervised release already within Probation's purview," and only to the extent that the terms of the ICMP provide "a standard of decision

5

that constrains [Probation's] discretion and avoids arbitrary use of its delegated authority." *United States v. Kunz*, 68 F.4th 748, 766, 771 (2d Cir. 2023) (quotation marks omitted); *see also United States v. Villafane-Lozada*, 973 F.3d 147, 153–54 (2d Cir. 2020) (construing a special condition as limited by the outer bounds of the discretion that may be delegated to Probation).

So construed, the conditions here permit Probation to restrict Keleher's internet use only "*in accordance with*" the ICMP. App'x 120 (emphasis added). And the District Court "unambiguously authorized a restriction on [Keleher's] liberty" when it required Keleher to participate in the ICMP as a condition of being allowed access to computer equipment (a condition that Keleher does not challenge), "and left to the Probation Office's discretion authority to decide such details as" what internet use restrictions are appropriate in accordance with the ICMP. *See United States v. Degroate*, 940 F.3d 167, 177 (2d Cir. 2019). "[I]n the context of the broader monitoring regime ordered by the court . . . , those decisions are properly understood as matters of detail." *Kunz*, 68 F.4th at 766.

Keleher further contends that Special Condition 6 employs unacceptably "permissive language," Appellant's Br. 33, by providing that Keleher's "internet use *may* be limited and/or restricted," App'x 120 (emphasis added). *See also*

6

Appellee's Br. 22 n.7; Appellant's Reply Br. 7–8.  In contrast, Special Condition 7 — which delegates to Probation nearly identical authorities as does Special Condition 6 — uses mandatory language.  App'x 120 ("Your internet use *must* be limited and/or restricted . . . " (emphasis added)).  According to Keleher, the permissive language in Special Condition 6 permits Probation to make the "ultimate decision of whether to restrict [his] liberty," Appellant's Br. 33 (quoting *Degroate*, 940 F.3d at 177), and the "conflicting language" between the two conditions "fails to provide [him] with clear notice as to his rights and responsibilities while on supervision," Appellant's Reply Br. 8.  But we reasonably construe the two conditions together.  Doing so, we conclude that the District Court "unequivocally mandated" a restriction on Keleher's liberty. *Degroate*, 940 F.3d at 177.

For the same reasons, we also reject Keleher's related arguments that the challenged conditions are unconstitutionally vague and effectively deprive him of his due process and appeal rights.  If in the future Probation "overstep[s] [its] authority," Keleher "may, at that time, seek recourse before the sentencing court." *Villafane-Lozada*, 973 F.3d at 153; *see* 18 U.S.C. § 3583(e)(2).

We have considered Keleher's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court