23-6335-cr
*United States v. Noah Kitchens*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-six.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
EUNICE C. LEE,
*Circuit Judges.*

————————————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                     23-6335-cr

NOAH KITCHENS,

*Defendant-Appellant.*[*]

————————————————————————

For Defendant-Appellant:      Yuanchung Lee, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

---

[*]The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

For Appellee:                      Peter J. Davis (Daniel G. Nessim, James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the April 3, 2023, judgment of the United States District Court for the Southern District of New York (Victor Marrero, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** with instructions to strike the risk-notification condition of supervised release.

Defendant Noah Kitchens appeals from a criminal judgment that primarily sentences him to 144 months' imprisonment followed by five years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.    BACKGROUND

In June 2020, Kitchens was arrested following a drug transaction with a government confidential source ("CS-1"). In April 2022, Kitchens pleaded guilty to conspiring to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and possessing a firearm in furtherance of a drug trafficking offense

under 18 U.S.C. § 924(c). The presentence report ("PSR") recommended a sentence of 144 months' imprisonment in total followed by three years of supervised release. Among the conditions of supervised release recommended in the PSR was one requiring Kitchens to submit himself and his effects, including any "computer, other electronic communication, data storage devices, [and] cloud storage or media" to a search upon "reasonable suspicion." PSR 38–39.

At sentencing, the district court confirmed that Kitchens had reviewed and discussed the PSR with counsel and that the defense had no objections to it. The court stated that it had "considered the findings of fact stated in the [PSR]" and the 18 U.S.C. § 3553(a) factors, and "adopt[ed] the factual recitation in the [PSR] regarding the criminal history category offense level and sentencing range." The court then sentenced Kitchens to 144 months' imprisonment, five years of supervised release, and a special assessment. The court confirmed with Kitchens that he had reviewed and discussed with counsel the conditions of supervised release in the PSR and directed him to comply with those conditions. Kitchens did not object to any portion of the search condition.

The judgment, entered shortly thereafter, largely reflects the pronounced sentence and conditions of supervised release in the PSR, including the electronic

3

search condition. It departs from the pronounced sentence and the PSR, however, by adding a risk-notification condition that authorizes the probation officer to require Kitchens to notify anyone to whom the officer determines that Kitchens poses a risk.

## II. DISCUSSION

Kitchens argues first that the risk-notification condition should be vacated. We agree. A defendant's "right to presence" at his sentencing demands that a discretionary condition of supervised release omitted from the PSR and the sentencing proceeding, like the risk-notification condition here, have no place in the judgment. *United States v. Maiorana*, 153 F.4th 306, 310 (2d Cir. 2025) (en banc). The failure to pronounce the condition alone requires a remand. Ordinarily, that remand would give the district court a choice between removing the condition or conducting a new sentencing proceeding where Kitchens could advance any argument he would have against its imposition. Here, however, the latter option is unavailable because we have held that the risk-notification condition is impermissibly vague and therefore substantively invalid. *See United States v. Boles*, 914 F.3d 95, 110–12 (2d Cir. 2019). We therefore conclude that the condition

4

must be stricken from the judgment.[1]

Kitchens also challenges the electronic search condition as "unduly intrusive and not justified by the record." Appellant's Reply Br. 4. Kitchens had ample opportunity to object to the search condition, which was recommended in the PSR, and failed to do so. We thus review only for plain error. *See United States v. Arguedas*, 134 F.4th 54, 68 (2d Cir. 2025). We detect none.

A district court imposing a special condition "must make an individualized assessment . . . and state on the record the reason for imposing it." *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024) (internal quotation marks omitted). "If the court fails to provide an explanation, we may uphold the special condition only if the court's reasoning is 'self-evident in the record.'" *Id.* at 124, quoting *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).

The record supports the district court's concern about the use of electronic

---

[1] Contrary to the government's argument, Kitchens's challenge is not mooted by a post-*Boles* standing order in the Southern District of New York. On July 1, 2019, then-Chief Judge McMahon of the district vacated the risk-notification condition from judgments issued by courts in the district and relieved "any defendant who *was* sentenced subject to said condition" from it. *See* Second Amended Standing Order M10-468, *In Re: Vacatur of Standard Condition of Supervision Pertaining to Third Party Risk*, No. 1:19-mc-218 (S.D.N.Y. July 1, 2019), ECF No. 3 (emphasis added). Kitchens, who was sentenced in 2023, is not covered by that order.

devices for unlawful purposes. The PSR suggests that Kitchens initially contacted the phone number of CS-1 and arranged a drug transaction. During the transaction, Kitchens briefly stepped aside and made a phone call, after which he asked to see CS-1's money for the drugs. Kitchens also sent CS-1 via text message a photograph of the brick of narcotics that CS-1 agreed to purchase. The district court considered the findings of fact in the PSR, to which the defense did not object. "We have frequently approved of [electronic search] conditions where the conduct underlying a conviction . . . has involved the use of computers or other electronic devices." *United States v. Thomas*, 827 F. App'x 72, 75 (2d Cir. 2020).

\* \* \*

For the foregoing reasons, we **AFFIRM** the judgment in part and **VACATE** in part, and **REMAND** the case to the district court with instructions to amend the written judgment to strike the risk-notification condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6