22-1984
*United States v. McLarty*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-four.

PRESENT:

DENNY CHIN,
RICHARD J. SULLIVAN,
*Circuit Judges*,
MARK A. BARNETT,
*Judge*.[*]

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                             No. 22-1984

_____

[*] Chief Judge Mark A. Barnett, of the United States Court of International Trade, sitting by designation.

DOUGLAS MCLARTY, a.k.a. Q Don,

*Defendant-Appellant*,

BRIAN RICHARDS, a.k.a. B Rich,

*Defendant*.[†]

_____

| | |
|---|---|
| **For Defendant-Appellant:** | Andrew Freifeld, New York, NY. |
| **For Appellee:** | Mitzi S. Steiner, Won S. Shin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 8, 2022 judgment of the district court is **AFFIRMED**.

Douglas McLarty appeals from a judgment revoking his term of supervised release and sentencing him to a term of eighteen months' imprisonment following his admission to violating the conditions of his supervision. McLarty asserts that his sentence was procedurally and substantively unreasonable. We assume the

---

[†] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As an initial matter, the government urges us to "avoid reaching the merits" of McLarty's appeal under the concurrent sentence doctrine. Gov't Br. at 11 (quoting *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021)). This doctrine allows us to decline to hear the merits of a sentencing appeal when the defendant is serving an identical concurrent sentence, "since a ruling in the defendant's favor would not reduce the time he is required to serve or otherwise prejudice him in any way." *Kassir*, 3 F.4th at 561. As the government notes, McLarty is serving another eighteen-month sentence for a separate violation of supervised release based on the same conduct that runs concurrent to the eighteen-month sentence at issue in this appeal. However, after the government filed its brief, McLarty filed a challenge to that concurrent sentence under 28 U.S.C. § 2255. Because that pending challenge might "reduce the time he is required to serve," we cannot say that the instant appeal is illusory, and we decline to invoke the concurrent sentence doctrine here. *Id.* We therefore turn to the merits of McLarty's appeal.

We review the procedural and substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *United States v. Smith*, 949

F.3d 60, 66 (2d Cir. 2020) (quoting *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018)).   A sentence is procedurally unreasonable when the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [section] 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."   *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*).   A sentence is substantively unreasonable when it would "damage the administration of justice" because it is "shockingly high . . . or otherwise unsupportable as a matter of law."   *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

McLarty first argues that the district court committed procedural error by imposing his revocation sentence based in part on the factors in 18 U.S.C. § 3553(a)(2)(A), which include "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment."   As McLarty explains, the provision that governs revocation sentences – 18 U.S.C. § 3583(e) – instructs district courts to "consider" certain provisions of section 3553(a) when imposing a sentence after supervised release

4

has been revoked.   18 U.S.C. § 3583(e) (directing sentencing courts to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)").   Because section 3553(a)(2)(A) is not among those listed, McLarty contends that the district court erred by considering it when imposing his sentence.   We disagree.

As a threshold matter, McLarty failed to raise this objection below, so we review his procedural challenge only for plain error.   *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007).   This requires McLarty to show that the district court erred in a way that was "clear and obvious, affected the defendant['s] substantial rights, and seriously affected the fairness, integrity, or public reputation of the judicial proceedings."   *United States v. Mehta*, 919 F.3d 175, 180 (2d Cir. 2019).

McLarty falls short of establishing any error, let alone one that is clear and obvious.   For starters, we have long recognized that district courts may look in part to the factors in section 3553(a)(2)(A) – including the "seriousness of [the] offense" – when imposing a sentence under section 3583(e).   *United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006) (explaining that section 3583(e) "simply . . . require[s] consideration of the enumerated subsections of [section] 3553(a)" but

5

does not "forbid[] consideration of other pertinent factors"). Of course, we have also cautioned that district courts should not place undue emphasis on section 3553(a)(2)(A), since the point of a revocation sentence is to "sanction the defendant's 'breach of trust'" as opposed to his underlying conduct. *United States v. Ramos*, 979 F.3d 994, 1002 (2d Cir. 2020) (quoting *United States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016)). But nothing suggests that the district court committed such error here. To the contrary, the district court made clear that it selected McLarty's sentence because he had committed an "extremely serious violation of his supervised release" that "involve[d] a separate breach of trust." App'x at 49–50 ("It is extremely disturbing that he returned to criminal conduct immediately after his release to supervised release."). And even though the district court said it also considered the seriousness of McLarty's conduct, the record nowhere indicates that it gave that factor improper weight.

We also reject McLarty's argument that his sentence was substantively unreasonable, which we review for abuse of discretion.[1] "[I]n the overwhelming

---

[1] Although McLarty did not raise this objection before the district court, we have not yet decided whether plain error applies to such challenges. *See United States. v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We will therefore apply the more appellant-friendly abuse-of-discretion standard for the purposes of this appeal. *See, e.g.*, *United States v. Nunez*, 802 F. App'x 620, 622 (2d Cir. 2020).

majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Here, the district court imposed an eighteen-month sentence that was *below* the Guidelines range of twenty-four to thirty months. It also provided sound reasons for that sentence, detailing how – within a day of his release into supervision – McLarty was arrested in a reverse-sting operation for conspiring to rob several drug dealers. *See* App'x at 48–49 (recounting how McLarty conspired with a confidential informant to rob a group of narcotics traffickers and was arrested with firearms when he showed up at the site of the planned robbery). Plainly, this is not one of the "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

McLarty nevertheless maintains that it was unreasonable for the district court to sentence him to a term of imprisonment that ran consecutively to the 115-month sentence he received for the robbery conspiracy itself. Again, we disagree. As the district court explained, McLarty's revocation sentence was designed to sanction his breach of trust, not the underlying robbery conspiracy, and a logical

way to achieve that end was to impose consecutive sentences for the two offenses. Indeed, the Sentencing Commission's policy statements advise district courts to do just that, *see* U.S.S.G. § 7B1.3(f) (stating that revocation sentences should be imposed "consecutively"), and we have repeatedly affirmed consecutive revocation sentences on that basis, *see, e.g.*, *United States v. Kyzer*, 844 F. App'x 422, 424 (2d Cir. 2021) ("[I]t was not unreasonable for the district court to rely on the same offense conduct in imposing both sentences consecutively because one sentence was for the new conviction and the other was for the supervised release violation."); *United States v. Rivera Santiago*, 834 F. App'x 630, 633 (2d Cir. 2020) (similar).

We have considered McLarty's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court