23-6176-cr
*United States v. Caves*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                              23-6176-cr

THOMAS CAVES,

*Defendant-Appellant*.

---

For Appellee:                    JOSHUA ROTHENBERG, Assistant United States Attorney, *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

For Defendant-Appellant:         PETER J. TOMAO, Attorney, Garden City, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on February 8, 2023, is **AFFIRMED**.

Defendant-Appellant Thomas Caves appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), following his guilty plea pursuant to a plea agreement, to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Caves principally to a term of thirty months' imprisonment, to be followed by three years of supervised release. On appeal, Caves raises challenges to both his conviction and a special condition of supervised release. With respect to the former, Caves argues that his conviction for unlawfully possessing a firearm under § 922(g)(1) violates the Second Amendment of the U.S. Constitution. With respect to the latter, Caves contends that the district court did not adequately explain its decision to impose Special Condition 4, which prohibits him from "possess[ing], us[ing], or sell[ing] marijuana or any marijuana derivative (including any product containing cannabidiol (CBD) or [tetrahydrocannabinol (]THC)[)]) in any form (including but not limited to edibles) or for any purpose (including medical purposes)." App'x at 127. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision to **AFFIRM**.

2

## I.     Constitutionality of Caves's Conviction

Caves argues that the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), rendered § 922(g)(1) unconstitutional. The government contends that, pursuant to his plea agreement, Caves waived his right to challenge on appeal the constitutionality of his statute of conviction. Even accepting *arguendo* Caves's argument that the appellate waiver does not bar his appeal, he cannot succeed.

Caves raises his constitutional challenge for the first time on appeal, so we review for plain error. *United States v. Donziger*, 38 F.4th 290, 302-03 (2d Cir. 2022). "For an error to be plain, it must, at a minimum, be clear under current law, which means that we typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (internal quotation marks, citation, and alterations omitted). In *United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013) (per curiam), we upheld the constitutionality of § 922(g)(1). Neither *Bruen* nor any other binding precedent has held to the contrary.

We recognize that other cases pending before prior panels in this Circuit raise the question of § 922(g)(1)'s constitutionality following *Bruen*. But because the constitutional infirmity alleged by Caves is not clear under current law, we see no basis to disturb his conviction under plain error review. *See United States v. Brillon*, No. 22-

2956-cr, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024) (summary order) (rejecting a constitutional challenge to § 922(g)(1) under plain-error review); *United States v. Ogidi*, No. 23-6325-cr, 2024 WL 2764138, at *1 (2d Cir. May 30, 2024) (summary order) (same); *United States v. Barnes*, No. 23-6424-cr, 2024 WL 5103316, at *1 (2d Cir. Dec. 13, 2024) (summary order) (same).

## II.    Special Condition 4

Caves argues that the district court erred by failing to justify Special Condition 4, which states: "You shall not possess, use, or sell marijuana or any marijuana derivative (including any product containing cannabidiol (CBD) or [tetrahydrocannabinol (]THC)[)] in any form (including but not limited to edibles) or for any purpose (including medical purposes)."[1]   App'x at 127.

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).  "A sentencing court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, involve [ ] no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements."  *United States v.*

---

[1] The district court failed to justify Special Condition 4 at Caves's initial sentencing and so we granted Caves's unopposed motion for a limited remand to allow the district court to supplement the record.   We now consider the sufficiency of the explanation the district court provided at the remand hearing.

4

*Gill*, 523 F.3d 107, 109 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). When determining whether to impose a special condition, "[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it." *Betts*, 886 F.3d at 202.

We ordinarily review the imposition of a special condition of supervised release for abuse of discretion. *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). But Caves did not object to the district court's lack of explanation at sentencing or, on remand, to the district court's provided reason for imposing the condition. "[W]hen a defendant fails to object to an alleged sentencing error before the district court, we will ordinarily consider any later objections forfeited on appeal unless the defendant can meet the plain-error standard." *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023). To prevail under the plain error standard of review, Caves bears the burden of showing: (1) there was an error; (2) the error was "clear or obvious, rather than subject to reasonable dispute"; (3) "the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings"; and (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration omitted) (internal quotation marks omitted). We discern no "clear or obvious" error in the district court's imposition of Special Condition 4.

We recently affirmed nearly identical conditions of supervision in *United States v.*

*King*, No. 22-1024-cr, 2023 WL 6842445 (2d Cir. Oct. 17, 2023) (summary order) and *United States v. Thompson*, No. 22-2297-cr, 2024 WL 371128 (2d Cir. Feb. 1, 2024) (summary order) based on the defendants' respective histories of substance abuse. In *King* we held that because the district court had considered the defendant's "life-long substance abuse issues" and drug-related conviction, imposing the marijuana-related condition was not "clear or obvious" error. 2023 WL 6842445, at *2. And in *Thompson*, we held that the reasons for imposing the marijuana-related condition were "self-evident in the record" because the defendant had used marijuana since he was 12 or 13 years old, participated in drug treatment programs several times, and engaged in "recurring criminal conduct" related to his marijuana use. 2024 WL 371128, at *2.

Here, the district court noted that Caves began using marijuana at age 14, continued to do so until incarcerated, and admitted to using marijuana following his release to parole supervision. The district court also considered that Caves had previously been convicted of drug/marijuana possession after he was found to have "14 clear plastic bags containing a green leafy substance which field tested positive for marijuana." App'x 144-45. The district court referenced Caves's self-reported substance abuse history in the presentence report in which Caves admits to regularly abusing ecstasy, molly, and non-prescription Percocet and participating in multiple drug treatment programs. In light of these facts, it was not plain error for the district court to conclude that Special Condition 4 would achieve sentencing goals and further Caves's

rehabilitation.[2]

*   *   *

We have considered Caves's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We note that Special Condition 4 also prohibits Caves from using CBD. CBD is "not subject to the Controlled Substances Act if it derives from hemp and is found in many consumer products such as oils and lotions." *King*, 2023 WL 6842445, at *2. Nevertheless, on plain error review and this record, we cannot say that the district court's condition prohibiting the use of CBD amounts to clear or obvious error.