24-3275-cr
*United States v. Cook*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                    24-3275-cr

JACOB COOK, AKA Sealed Defendant 2,

*Defendant-Appellant*,

DAVID DIAGOSTINO, AKA Sealed
Defendant 1,

*Defendant*.

---

| | |
|---|---|
| For Appellee: | THOMAS R. SUTCLIFFE, Assistant United States Attorney, *for* Daniel Hanlon, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |

1

For Defendant-Appellant: ANNA M. SKOTKO, Skotko Law PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jacob Cook appeals from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *District Judge*) entered on December 16, 2024, resentencing Cook to 44 months of imprisonment, to be followed by three years of supervised release. Cook pled guilty to one count of conspiracy to commit alien smuggling, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i) and (a)(1)(A)(v)(I), and two counts of alien smuggling, in violation of 8 U.S.C. § 1324(a)(2). Cook appealed from his original sentence of 52 months in prison, arguing that the sentence was procedurally and substantively unreasonable. The government moved to remand, arguing that the district court purported to apply an upward departure under U.S.S.G. § 4A1.3(a) but failed to properly explain its basis for doing so. On July 23, 2024, this Court granted the government's motion to remand for a full resentencing. At resentencing, the district court imposed a prison term of 44 months, clarified that it was applying an upward variance to do so, and explained its reasons on the record. Cook now appeals again, challenging: (i) the procedural and substantive reasonableness of his term of imprisonment, and (ii) the imposition of special conditions of supervised released requiring him to disclose financial information when requested by the probation office and subjecting him to searches upon reasonable suspicion. We assume the parties' familiarity with the case.

## I.  Reasonableness of Sentence

"Our review of criminal sentences includes both procedural and substantive components and amounts to review for abuse of discretion." *United States v. McIntosh*, 753 F.3d 388, 393-94 (2d Cir. 2014).[1]  "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018).  We may find procedural error in circumstances "where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation."  *McIntosh*, 753 F.3d at 394.  A sentence will also be "substantively unreasonable if it cannot be located within the range of permissible decisions, if it shocks the conscience, or if it constitutes a manifest injustice." *United States v. Williams*, 998 F.3d 538, 542 (2d Cir. 2021).

Cook argues that the district court's sentence is procedurally unreasonable because the court failed to provide an adequate explanation for its upward variance when it imposed a sentence that was eight months above the applicable Guidelines sentence of 36 months of imprisonment. Though defense counsel noted a generic objection at sentencing "to the variance and the sentence imposed," App'x 65, he failed to specify any basis for the objection.  We therefore review his newly raised arguments for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008).  Where, as here, a judge imposes a sentence that is outside the Guidelines range, the

---

[1]  Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

court must state "the specific reason[s] for the imposition of a [non-Guidelines] sentence." 18 U.S.C. §3553(c)(2). We conclude that the district court's remarks adequately explain its reasons for the upward variance. When imposing the sentence, the court stated it had considered Cook's extensive criminal history, the leniency of Cook's past sentences which failed to deter him from further criminal activity, the Guidelines' failure to score many of his past convictions, and his repeated failures to manage his drug addiction. This was enough.

Cook also argues that his sentence is substantively unreasonable because it "is nearly five times higher than the average length of imprisonment for defendants sentenced under the same Guideline section," and "higher tha[n] that imposed on his co-defendant." Appellant Br. at 13. This Court will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011). This is not such an exceptional case. The district court appropriately determined that a lengthier term of imprisonment was warranted given Cook's extensive criminal history and the failure of his prior sentences to deter him from committing further crimes. Cook's comparisons to sentences for similar crimes are unavailing. "Averages of sentences that provide no details underlying the sentences are unreliable to determine unwarranted disparity," *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009), and Section 3553(a) "does not require district courts to consider sentencing disparity among co-defendants," *United States v. Williams*, 524 F.3d 209, 216 (2d Cir. 2008).

Accordingly, the district court did not err procedurally or substantively in imposing a 44-month term of imprisonment.

## II. Special Conditions

Cook next challenges the district court's imposition of special conditions of supervised release requiring him to disclose financial information when requested by the probation office and subjecting him to searches upon reasonable suspicion. Normally, we review a challenge to conditions of supervised release for abuse of discretion, but because Cook did not object below, we review only for plain error. *See United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020).

Cook contends that the district court's imposition of the two special conditions was procedurally and substantively unreasonable because the court failed to explain its reasoning for imposing the conditions and no reason is self-evident in the record. A district court is required to make an "individualized assessment" when determining whether to impose special conditions of supervised release, and to state on the record the reason for imposing it. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Id.* Though the district court did not explain why it was imposing the conditions, its reasoning is apparent given Cook's continued struggle to manage his drug addiction, and his admission that he smuggled aliens into the United States to financially support that addiction. His history of theft offenses suggests his past crimes were committed for the same reason. The special condition requiring Cook to disclose his financial information is therefore necessary to monitor his finances to deter him from future criminal activity to support his addiction. *See United States v. Brown*, 402 F.3d 133, 137 (2d Cir. 2005) (holding that a financial information condition is permissible where the supervisee has a history of making money through illegal conduct). The search condition, likewise, is a reasonable measure to facilitate and monitor Cook's rehabilitation by ensuring,

5

among other things, that he does not engage in future drug use, especially given his long history of drug-related crimes.

Cook also argues that the imposition of the special conditions "improperly curtail[s] [his] privacy rights and constitute[s] a significant deprivation of liberty." Appellant Br. at 19. We conclude this argument is, too, without merit. The conditions "involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing." *United States v. Lewis*, 125 F.4th 69, 77 (2d Cir. 2025). We have made clear that "[a]n offender on supervised release has a diminished expectation of privacy that is inherent in the very term '*supervised release*.'" *United States v. Balon*, 384 F.3d 38, 44 (2d Cir. 2004). In addition, the search condition is narrowly tailored—the probation office must have reasonable suspicion before subjecting Cook to a search. "As we have repeatedly explained in affirming [similar] search conditions, th[e]se conditions do not constitute a greater deprivation than reasonably necessary *because* they require reasonable suspicion." *United States v. Oliveras*, 96 F.4th 298, 315 (2d Cir. 2024). Accordingly, we cannot say that the district court erred in imposing the conditions.

\* \* \*

We have considered Cook's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6