24-516-cr
*United States v. Ortiz*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-five.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                             No. 24-516-cr

JOSE ORTIZ, a.k.a. Grillo,

> *Defendant-Appellant.*

_____

_____

FOR DEFENDANT-APPELLANT: ALLEGRA GLASHAUSSER, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE: LAUREN E. PHILLIPS (Madison Reddick Smyser, Nathan Rehn, Assistant United States Attorneys, *on the brief*), Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the March 12, 2024 judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter is **REMANDED** to the district court pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for further proceedings consistent with this order.

Defendant-Appellant Jose Ortiz ("Ortiz") appeals from the district court's judgment sentencing him principally to eighty-two months' imprisonment followed by five years' supervised release. Ortiz's conviction stems from his guilty plea to one count of possession with intent to distribute more than forty grams of fentanyl. For Ortiz's term of supervised release, the district court imposed the mandatory conditions required under 18 U.S.C. § 3583(d); the standard conditions recommended under U.S. Sentencing Guidelines section 5D1.3(c); and seven special conditions. One of those special conditions

2

required that Ortiz participate in mental health treatment twice per week: one individual and one group counseling session.

On appeal, Ortiz argues that the district court erred in imposing this mental health treatment condition because it has no basis in the record and is not reasonably related to the factors set forth in 18 U.S.C. § 3583(d)(1). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

On April 12, 2023, law enforcement agents in Louisville, Kentucky received notification of a suspicious parcel containing narcotics being shipped to New York. After conducting a controlled delivery in New York the following day, agents arrested Ortiz, who had received the package from a co-conspirator. Ortiz admitted that he knew the package contained approximately two kilograms of narcotics, including heroin and cocaine, and admitted to selling narcotics. A search of Ortiz's apartment revealed hundreds of pills laced with fentanyl. On November 27, 2023, Ortiz pleaded guilty to one count of possession with intent to distribute forty grams or more of fentanyl in violation of 21 U.S.C. § 841(b)(1)(B).

In his sentencing submission, Ortiz cited his difficult childhood and recounted a pattern of violent episodes between his parents. *See* Dist. Ct. Doc. No. 28 at 2. His submission connected the events of his childhood to his teenage descent into substance

3

abuse and criminal conduct. *See id.* at 4. By the age of nineteen, Ortiz had four convictions pertaining to the sale or possession of controlled substances. Following the birth of his first daughter in 1999, Ortiz commendably stopped using drugs and maintained a law-abiding lifestyle for nearly twenty years. However, in 2018, after the loss of a stable job, he relapsed into drug use. Ortiz "minimized his [relapse into drug use] and [associated] financial problems to his friends and family," and "[r]ather than ask for help . . . , [he] made the terrible decision to return to selling drugs." *Id.* at 3.

The Probation Office ("Probation") reported that Ortiz "disclaimed any history of mental health diagnoses or attending any counseling in the past" and "disclaimed any history of suicidal thoughts or ideations." Presentence Report at 13 ¶¶ 56–57. And when Probation asked Ortiz about his legal situation's effect on his mental health, Ortiz responded, "I caused this, so I don't sweat [it]." *Id.* at 13 ¶ 58. Probation did not recommend mental health treatment, and neither party requested mental health treatment in their sentencing submissions.

At Ortiz's sentencing hearing on March 12, 2024, the district court imposed seven special conditions of supervised release that, *inter alia*, required Ortiz to participate in two weekly mental health treatment sessions. Ortiz's counsel objected to the condition requiring individual and group therapy, arguing that there was "no indication of mental health issues, based on the presentence report." Ortiz App'x at 51. The district court overruled the objection, noting that "there are lots of gaps here, and it would be

4

inconceivable that it wouldn't be beneficial for there to be therapeutic counseling so that [Ortiz] and the rest of us could understand the mistake that he has made." *Id.* at 52. Ortiz timely appealed his sentence.

## DISCUSSION

We review preserved challenges to conditions of supervised release for abuse of discretion. *See United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019). A district court abuses its discretion when it "has made either an error of law or a clearly erroneous finding of fact, or where its ruling cannot be located within the range of permissible decisions." *United States v. Estevez*, 961 F.3d 519, 529 (2d Cir. 2020) (internal quotation marks omitted).

"A district court retains wide latitude in imposing conditions of supervised release." *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008). However, such conditions must be "reasonably related," 18 U.S.C. § 3583(d)(1), to "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), as well as the need "to afford adequate deterrence to criminal conduct[,] to protect the public from further crimes of the defendant[,] and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(B)–(D). We have held that "[a] district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). The

5

district court must "make an individualized assessment as to each defendant when determining whether to impose a special condition" and cannot rely exclusively on "generalized considerations" or impose a special condition as a matter of routine practice. *United States v. Oliveras*, 96 F.4th 298, 314–15 (2d Cir. 2024) (internal quotation marks omitted).

Although there may be reasonable arguments to support the imposition of this special condition, we are unable to "conclude that, *on the present record*, this [special] condition is warranted." *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019) (per curiam) (emphasis in original). We agree with Ortiz that the district court's reference to "gaps" in his history falls short of what is required to establish a nexus between the factors set forth in 18 U.S.C. § 3583(d)(1) and the condition imposed here. *See United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024). The district court did not explain its basis for requiring Ortiz to submit to twice-weekly therapeutic sessions for five years, and given that the record contains no reference to any history of mental health treatment or any initial assessment or recommendation by a mental health provider, we cannot say that "the district court's reasoning is self-evident in the record."[1] *Betts*, 886 F.3d at 202 (internal quotation marks omitted).

---

[1] *See United States v. Dixon,* No. 23-6035, 2024 WL 2316530, at *1, 2 (2d Cir. May 22, 2024) (summary order) (upholding a mental health treatment condition contingent upon a recommendation "by the treatment provider based upon [the defendant's] risk and needs."); *United States v. Quarterman*, 739 F. App'x 60, 62 (2d Cir. 2018) (summary order) (same).

6

Accordingly, we remand pursuant to *Jacobson*, 15 F.3d at 21–22, so that the district court may provide us with such an explanation, or, in the alternative, decide to modify or vacate the condition. Should it choose to do so, the district court may invite the parties to further develop the record to support or oppose the imposition of this special condition.[2]

Upon the district court's issuance of a new order, either party may reinstate this appeal by filing a letter with the Clerk of this Court, without filing a new notice of appeal. If either party files such a letter seeking further action from this Court, the matter will be referred to this panel.

*    *    *

For the reasons set forth above, the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Ortiz may waive his right to be present at a future resentencing hearing. *See United States v. Salim*, 690 F.3d 115, 122 (2d Cir. 2012) (citing Fed. R. Crim. P. 43(c)(1)(B)). Likewise, if the district court opts to simply vacate the condition, a hearing may not be required at all. *See* Fed. R. Crim. P. 32(c)(2).