22-2647-cr
*United States v. Reyes*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                      No. 22-2647-cr

BAUDILIO REYES, also known as
BRAULIO REYES,

> *Defendant-Appellant,*

RONALD WILLIAMS, MIGUEL ANGEL

GONZALEZ, ALFREDO ROJAS, also known
as WILFREDO NAZARIO ROMAN,

*Defendants.* [*]

_____

FOR APPELLEE:                           MATTHEW PODOLSKY, Acting United States
                                        Attorney for the Southern District of New
                                        York, (Kaylan E. Lasky and Michael D.
                                        Maimin, Assistant United States Attorneys,
                                        *on the brief*), New York, NY.

FOR DEFENDANT-APPELLANT:                DARRELL FIELDS, Federal Defenders of New
                                        York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern

District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Baudillo Reyes challenges the District Court's imposition of

a special condition after he pled guilty to conspiracy to distribute and possess with intent

to distribute mixtures and substances containing a detectable amount of cocaine in

violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 and received a sentence of 60 months

imprisonment and three years of supervised release. The special condition at issue

permits the search of his "person, and any property, residence, vehicle, papers, computer,

other electronic communication, data storage devices, cloud storage or media, and

---

[*] The Clerk of Court is directed to modify the case caption to reflect the changes herein.

2

effects" upon "reasonable suspicion concerning violation of a condition of supervision or unlawful conduct[.]" Reyes asks us to vacate the portion of the special condition providing for searches of his electronic devices (the "electronics search condition"), or at least vacate and remand for further proceedings. But because the justification for the electronics search condition is self-evident in the record, we affirm. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I.    Standard of Review

Where an appellant failed to object to a special condition at sentencing, we review for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 n.2 (2d Cir. 2008) (citing *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002)). To meet this standard, Reyes must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (citing *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019)).

## II.    Discussion

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018); *see also United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024) (noting that a district court is "given 'wide latitude'

3

to impose 'special conditions,' or any conditions it deems appropriate." (citing *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008)).  Despite this discretion, conditions of supervised release must be "reasonably related" to the following factors:

> (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

U.S.S.G. § 5D1.3(b).  A condition need only relate to at least one of these factors.  *Sims*, 92 F.4th at 124 (citing *United States v. McLaurin*, 731 F.3d 258, 262 (2d Cir. 2013)).

To ensure reviewability, "[a] district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it[.]"  *Betts*, 886 F.3d at 202.  However, even if no such assessment is explicitly provided, this Court "may still uphold the condition imposed 'if the district court's reasoning is self-evident in the record.'"  *United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025) (quoting *Betts*, 886 F.3d at 202).

Here, the Government concedes no reasoning was explicitly provided by the District Court for the electronics search condition, but the District Court instead relied upon the Presentence Investigation Report ("PSR").  But the PSR is insufficient.  The PSR

4

points to Reyes's history of possessing drugs and the fact that the instant offense involved the possession of a firearm. Notably, in the portion justifying the electronics search condition, the PSR makes no mention of Reyes's use of technological devices. This justification is too broad and is "untethered to any specific consideration to the facts and circumstances in this particular case." *United States v. Oliveras*, 96 F.4th 298, 314 (2d Cir. 2024).

But the record demonstrates that Reyes used his phone in the commission of the instant offense. Specifically, Reyes placed a video phone call to his co-conspirator during the drug transaction to demonstrate that he had obtained the funds to complete the transaction. Moreover, Reyes sent several photographs of cocaine and firearms through text messages to his co-conspirators. Therefore, the record self-evidently demonstrates the electronics search condition is reasonably related to the "nature and circumstances of the offense." U.S.S.G. § 5D1.3(b).[1]

---

[1] Reyes's argument that the electronics search condition is insufficiently narrow is without merit. It is true that such conditions must "involve no greater deprivation of liberty than is reasonably necessary[.]" U.S.S.G. § 5D1.3(b). But here, the electronics search condition requires reasonable suspicion prior to any search. We have held that such conditions "do not constitute a greater deprivation than reasonably necessary *because* they require reasonable suspicion." *Oliveras*, 96 F.4th at 315; *see also United States v. Lawrence*, 139 F.4th 115, 123–25 (2d Cir. 2025) (upholding a search condition that included computers when the defendant used his cell phone to sell drugs).

We have considered Reyes's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court